José D. Ríos Morales, Petitioner, *v.* Industrial Commission of Puerto Rico, Respondent.

No. 358.  Argued April 29, 1946.—Decided July 11, 1946.

Juan Nevares Santiago for petitioner. *Angel de Jesús Matos, A. Sandín del Manzano,* and *Ismael Marrero,* Attorneys of the Manager of the State Insurance Fund.

Mr. Justice Córdova delivered the opinion of the court.

Upon leaving his house to board an automobile which was to take him to Police Headquarters, the Chief of Police of Fajardo slipped and suffered an injury for which he unsuccessfully claimed compensation from the Manager of the State Insurance Fund. The Industrial Commission affirmed the decision of the manager on the ground that the accident had not arisen as a consequence of claimant's employment, and he has sought a review of the order of the commission.

The petitioner was going to his work. We have already held that, in the absence of extraordinary circum-

stances,[1] accidents sustained on public highways while going to or from work are noncompensable. *Guillot* v. *Industrial Commission*, 60 P.R.R. 658; *Pérez* v. *Industrial Commission*, 53 *D.P.R.* 960 (*per curiam*).

The petitioner maintains that his case involves extraordinary circumstances, that it is not the ordinary case of an accident on a public highway suffered by a person going or coming from his work, because he is Chief of the Police and under the regulations of the Insular Police, "He shall be on duty wherever he might find himself and whatever is his situation and to this effect he shall be considered always on duty." The petitioner argues, therefore, that the accident occurred while he was performing duties as Chief of Police.

In our judgment what the Police Regulations mean is that the Chief shall be available for duty at any time, and not that in fact he is constantly on duty. It cannot, indeed, be contended that a Chief of Police is on duty as such during the time he spends at his home taking his meals or sleeping. It is evident that if he should suffer injury as a result of a fall in his home during leisure hours, the accident would not be compensable, as it would have no connection with his employment.

The case cannot be decided, therefore, on the theory that a Chief of Police is always on duty. As in any other case, it must be determined whether at the time of the accident he was discharging his duties. The petitioner contends that he was, since in his trip from his home to headquarters he usually inspected the policemen who were on street duty.

---

[1] See *Atiles, Mgr.* v. *Industrial Commission*, 64 P.R.R. 590; and *Atiles, Mgr.* v. *Industrial Commission*, 63 P.R.R. 774, where compensation was allowed on the ground that the injured person was performing duties inherent to his or her employment at the time of the accident; in the first case, because it involved a teacher who was carrying school material from her home to school, and in the second case, because it involved a teacher who taught in two public schools and was going from one to the other when he was injured; and *Cordero, Mgr.* v. *Industrial Commission*, 60 P.R.R. 851, where compensation was granted because the employer assumed the obligation to furnish transportation to his employees from the place of employment to another place on a public highway.

Assuming that this was so, the fact is that this trip never commenced. The accident took place when the respondent was leaving his home and was trying to cross a small ditch between the gate of his house and the street, that is, when he was going toward the automobile in which he was going to make the inspection. The risk at that moment was not a risk inherent to his employment nor did it arise as a consequence thereof. It was a risk shared by all persons in their homes and their vicinity. That risk did not become greater by reason of the fact that the respondent was Chief of Police or because it was his intention to go to Police Headquarters or make an inspection trip. It is not, therefore, one of the risks against which the Workmen's Accident Compensation Act insures employees and workmen, since it is not a risk incurred in the course of employment or as a consequence of the same.

The decision under review should be affirmed.

Mr. Justice De Jesús did not participate herein.